

# COMMONWEALTH of VIRGINIA

POST OFFICE BOX 2452     *Secretary of the Commonwealth*     RICHMOND, VIRGINIA 23218-2452

## NOTICE OF SERVICE OF PROCESS

Cinemark USA, Inc.                                            5/14/2021
Corporation Service Company, Registered Agent
3900 Dallas Parkway
Plano, TX 75093

Cheryl A. Dezego

vs.

Cinemark USA, Inc.
Corporation Service Company, Registered Agent

**Summons and Complaint**
**Plaintiff's First Set of Interrogatories and RPD**

Dear Sir/Madam:

You are being served with the enclosed notice under section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process.

If you have any questions about the matter, PLEASE contact <u>the CLERK of the enclosed/below mentioned court</u> or any attorney of your choice. <u>Our office does not accept payments on behalf of debts.</u> The Secretary of the Commonwealth's ONLY responsibility is to mail the enclosed papers to you.

COURT:

Newport News Circuit Court
2500 Washington Avenue
Courthouse Building
Newport News, VA 23607

Service of Process Clerk
Secretary of the Commonwealth's Office

# AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH

Case No. CL2102060F-00

Commonwealth of Virginia    VA. CODE §§ 8.01-301, -310, -329; 55-218.1; 57-51

Newport News ............................................................ Circuit Court

Cheryl A. Dezego    v.    Cinemark USA, Inc.

Corporation Service Company, Registered Agent

3900 Dallas Parkway, Plano, TX 75093

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

Attachments:   [x] Summons and Complaint    [ ] Notice
              [x] Plaintiff's First Set of Interrogatories and RPD

I, the undersigned Affiant, state under oath that
[x] the above-named defendant    [ ]
whose last known address is    [x] same as above  [ ]

1. [x] is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A) applies (see NON-RESIDENCE GROUNDS REQUIREMENT on page 2).
2. [ ] is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE REQUIREMENT ON BACK)

_____ is the hearing date and time on the attached process or notice (if applicable).

5/11/2021
DATE

[ ] PARTY  [✓] PARTY'S ATTORNEY  [ ] PARTY'S AGENT  [ ] PARTY'S REGULAR AND BONA FIDE EMPLOYEE

State of Virginia   [✓] City  [ ] County of Virginia Beach

Acknowledged, subscribed and sworn to before me this day by Richard W. Tahn, Jr.

5/11/2021
DATE

Alana Jessica Sheldon
[ ] CLERK  [ ] MAGISTRATE  [✓] NOTARY PUBLIC

PRINT NAME OF SIGNATORY

Notary Registration No. 7765559    My commission expires: 7/31/2022

[x] Verification by the clerk of court of the date of filing of the certificate of compliance is requested. A self-addressed stamped envelope was provided to the clerk at the time of filing this Affidavit.

NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:
You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE WHEN SERVICE IS MADE ON THE SECRETARY OF THE COMMONWEALTH.

## CERTIFICATE OF COMPLIANCE

I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1. On MAY 14 2021, legal service in the above-styled case was made upon the Secretary of the Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.
2. On MAY 17 2021, papers described in the Affidavit and a copy of this Affidavit were forwarded by certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

SERVICE OF PROCESS CLERK, DESIGNATED
BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

FORM CC-1418 (MASTER, PAGE ONE OF TWO) 07/13

# COMMONWEALTH OF VIRGINIA



NEWPORT NEWS CIRCUIT COURT
Civil Division
2500 WASHINGTON AVENUE
NEWPORT NEWS  VA  23607-4355
(757) 926-8561

Summons

To: CINEMARK USA, INC.
CORPORATION SERVICE COMPANY
REGISTERED AGENT
3900 DALLAS PARKWAY
PLANO TX 75093

Case No. 700CL2102060F-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Wednesday, May 05, 2021

Clerk of Court: ANGELA F REASON

by _____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name: RICHARD W ZAHN JR
757-428-9000

VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF NEWPORT NEWS

CHERYL A. DEZEGO

        Plaintiff,

v.

CINEMARK USA, INC

        Defendant.

Case No.: CL21020060F-00

Jury Trial Demanded

Serve:    Corporation Service Company
           Registered Agent
           3900 Dallas Parkway
           Plano, TX 75093-0000

## COMPLAINT

Plaintiff, Cheryl A. Dezego, by counsel, for her Complaint, moves this Court for judgment against Cinemark USA, Inc, on the grounds and in the amount as set forth below:

1. At all material times, Plaintiff Cheryl A. Dezego, was a customer and business invitee of a Cinemark Theatre located at 11810 Fountain Way, Newport News, Virginia 23606 ("Premises"). Upon information and belief, Cinemark is owned and operated by Cinemark USA, Inc.

2. At all material times, Defendant, through their subsidiaries, owned, operated and/or maintained the Cinemark Theatre, located at 11810 Fountain Way, Newport News, Virginia, 23606.



3. At all material times, it was the duty of Defendant to maintain the Premises in a reasonably safe condition for individuals, such as the Plaintiff, who were business invitees and were lawfully on the Premises.

4. In addition, it was the duty of Defendant to inspect the Premises and warn business invitees of any dangerous and/or hazardous conditions which Defendant knew, or by the use of ordinary care, should have known existed.

5. On or about June 18, 2019, Plaintiff was lawfully on the Premises to see a movie.

6. Plaintiff entered a theatre and was standing on the landing waiting for a family member to join her so they could find a seat when the lights began to dim.

7. As she began to walk, she tripped over trash, that included popcorn containers, candy wrappers and empty soda cups that appeared to have been swept up and left in the walkway. In addition, lights designed to illuminate the stairs were not properly functioning, causing the area to look like a ramp rather than stairs.

8. At all material times, Defendant, through its employees and others, had actual and constructive notice of the unsafe and dangerous condition of the movie theatre before Plaintiff's fall.

9. Defendants were negligent including, but not limited to, the following particulars:

    a. Failing to maintain the Premises by ensuring that all trash and other debris were removed from the walkway and other common areas;

    b. Failing to properly inspect the Premises to make sure that the Premises was safe for customers and business invitees, who were lawfully walking on the Premises, including the Plaintiff;

2

    c.    Failing to provide operating stair lights to illuminate the walkway;

    d.    Failing to warn Defendants' patrons and customers, including the Plaintiff, of the possibility of an unsafe throughway and

    e.    Committing other acts of negligence, as discovery reveals.

10.    As a direct and proximate cause of the negligence and carelessness of the Defendant, Plaintiff was caused to suffer serious and permanent injuries; has suffered and will suffer in the future pain of body and mind; has incurred and will incur in the future medical and related expenses; and has been deprived of earnings and earning capacity.

WHEREFORE, Plaintiff, Cheryl A. Dezego, by counsel, moves this Court for judgment against the Defendant, in the sum of **TWO HUNDRED FORTY-FIVE THOUSAND DOLLARS ($245,000.00)**, in compensatory damages, plus the cost of these proceedings and prejudgment and post-judgment interest from June 18, 2019.

CHERYL A. DEZEGO

By: _____
Of Counsel

Richard W. Zahn, Jr. Esquire
Virginia State Bar No.: 35975
THE JOEL BIEBER FIRM
272 Bendix Road, Suite 350
Virginia Beach, VA 23452
T: 757- 428-9000
F: 757- 216-2268
E: rzahn@joelbieber.com
*Counsel for Plaintiff Cheryl A. Dezego*

VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

CHERYL A. DEZEGO

    Plaintiff,

v.                                          Case No.: CL2102060F-00

CINEMARK USA, INC.

    Defendants.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CINEMARK USA, INC.

Plaintiff, by counsel, propounds the following First Set of Interrogatories and Requests for Production of Documents to Defendant, Cinemark USA, Inc., Inc.

### DEFINITIONS

As used herein:

A. The term "Incident" refers to the incident that is the subject of Plaintiff's Complaint, which occurred on June 18, 2019.

B. The term "communication" means any oral or written utterance, notation or statement of any nature whatsoever, by and to whosoever made including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements and other understandings between or among two or more persons.

C. "Document" means any medium for recording or retrieving information and includes, without limitation, any book, computer file, computer disc, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable,

1

report, records, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet or data processing card or any other written, recorded, transcribed, punched, magnetic, taped, filmed, or graphic matter, however produced or reproduced, now in your possession, custody or control or which was, but is no longer, in your possession, custody or control.

D. The terms "identify" and "identity", or words of like import, when used with respect to an individual, mean to state for each such person: (1) the full name; (2) the present or last known address(es) where service of process could be obtained; (3) the home and work telephone numbers for the individual; and (4) the social security number of the individual.

When used with respect to any act, occurrence, transaction, statement, request, conduct, communication, instance, event, aspect of any event, defect or omission, "identify" or "identity" means to describe with particularity for each such act, etc.: (1) the events constituting and surrounding such act, etc.; (2) the location; (3) the date; (4) persons involved; (5) the persons having knowledge thereof; (6) the documents referring or relating thereto; and (7) the communications thereto.

When used with respect to a document, "identify" or "identity" means to state: (1) the title and subject material of the document; (2) type of document (*e.g.*, letter, memorandum); (3) date of the document; and (4) author(s) of the document.

When used with respect to a photograph, "identify" or "identity" means to state: (1) the subject matter of each photograph; (2) the date of each photograph; (3) the name and address of each person taking the photograph; and (4) the identity of the individual who presently has a copy of each photograph.

2

E. The terms "person" or "persons" mean all entities including, without limitation, all predecessors in interest, individuals, associations, firms, companies, partnerships, joint ventures, corporations, subsidiaries, trusts, estates, departments, divisions, affiliates, groups, bureaus, public agencies and boards.

F. "Cinemark USA, Inc., Inc.." refers to the Defendant, Cinemark USA, Inc., Inc.

G. The terms "you," "your," or "yourself," refer to any person or firm, each representative, employee and agent of any person or firm and each person, including attorneys, acting or purporting to act on behalf of Cinemark USA, Inc., Inc.

H. Whenever you are requested to give a date, give the exact date (month and year). If you cannot do so, give your best estimate thereof.

I. Whenever a full and fair response to an interrogatory would or might, in your judgment or that of your lawyer, require you to disclose information which may constitute privileged or work-product materials, so state and sufficiently identify such information and material, its nature, subject matter and content, and the circumstances under which it was obtained, so as to enable Plaintiff to raise the matter to the Court to compel discovery if a proper showing is made under the applicable provisions of the Rules.

J. Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrence mentioned or complained of in Plaintiff's Complaint.

## INTERROGATORIES

1. Give the names and addresses of persons known to the parties or counsel to be witnesses concerning the facts of the case, whether related to liability or damages, including but

3

not limited to eyewitnesses, and indicate whether or not written or recorded statements have been taken from witnesses and, if so, indicate the date of the statement; whether the statement was in writing; the identity of the person who took the statement; the identity of the person who now possesses the statement; and the subject matter of each statement.

ANSWER:

2. For each person known to the parties or counsel to be a witness concerning the facts of the case, whether related to liability or damages, set forth either a summary sufficient to inform Plaintiff of the subject matter and of the important facts known to or observed by such witness.

ANSWER:

3. Identify the names, addresses, telephone numbers, and names of any Cinemark USA, Inc. employees who were working at the theatre located at 11810 Fountain Way, Newport News, Virginia, 23606 on June 18, 2019.

ANSWER:

4. Set forth a list of photographs (whether digital or on film), plats, sketches or other prepared documents in possession of the defendant or counsel that relate to the claim or defense in the case.

ANSWER:

4

5. Set forth the name, current address, and phone number of all persons who participated in and/or assisted your counsel in answering these Interrogatories, and/or provided information used in answering these interrogatories.

ANSWER:

6. Identify any person including, but not limited to, the parties, who you contend in any way caused or contributed to the incident, and for each such person listed, please describe in complete detail the basis for such contention, including all persons having knowledge of any facts that are relevant to your contention.

ANSWER:

7. Identify each person you intend to call as an expert witness at trial; the subject matter on which your expert witnesses are expected to testify; the substance of the facts and opinions to which your expert witnesses are expected to testify; the dates of all reports or memoranda made by each expert for the defendant, every book, article, document or publication your expert witness relied upon to form their opinions or will be mentioned at trial, the area of expertise or specialization of each such expert and brief chronological resume of each expert's educational and professional background and a summary of the grounds for each opinion.

ANSWER:

8. Please state in detail your understanding of how the incident occurred.

ANSWER:

9. Describe any photograph, taken on June 18, 2019 at the location of the incident. List each item describing its subject matter, date or dates when they were taken, by whom taken and the identity of the person who now has custody or possession thereof.

ANSWER:

10. If you or any person had any conversation with Plaintiff regarding her injuries or the incident, or if you have any knowledge of any statements made by Plaintiff, regardless whether the statements were recorded, describe what was said by Plaintiff and identify who was present during any such statement.

ANSWER:

11. Identify your insurance agent or any insurance company representative with whom you have discussed the incident prior to retaining defense counsel.

ANSWER:

12. Identify each Department of Risk Management Plan and any other policy of insurance that may have afforded liability coverage to Cinemark USA, Inc. for the incident, including any excess, umbrella or other policies. For each plan or policy listed, identify the named insured and insurance company, the plan and/or policy number, the policy period, the limits of liability coverage for personal injuries for the Commonwealth and whether question or doubt exists as to your rights under the plan or policy (reservation of rights asserted, non-waiver agreement, etc.).

ANSWER:


13. If you or anyone acting in your behalf has performed, ordered or coordinated any observations or surveillance of Plaintiff since the incident, please provide the date of such, the nature of such, the activities observed and identify the persons conducting, coordinating and/or having knowledge of the surveillance or observations.

ANSWER:

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. All documents upon which you relied in answering the Interrogatories, reviewed by you in answering the Interrogatories, or from which you received any information in answering the Interrogatories.

RESPONSE:

2. Every book, document, or other tangible thing of any nature whatsoever, including but not limited to *ex parte* affidavits, statements in writing, and all recorded statements which impeach or relate to the credibility of any witness who has knowledge of the facts regarding this case.

RESPONSE:

3. A copy of each Department of Risk Management Plan and any other policy of insurance, whether primary, excess, umbrella, etc., providing coverage to Cinemark USA, Inc., Inc., at the time of the incident, as well as a copy of each declaration page stating all named insureds under such plan or policy, the plan or policy number, the policy period, and the limits of liability coverage for personal injuries for each person and each accident/incident covered by the plan or policy.

RESPONSE:

4. Every statement or document referencing a statement, written or recorded, made by the Plaintiff, concerning the incident.

RESPONSE:


5. Every statement or document referencing a statement, written or recorded, made by any of your employees concerning the incident.

RESPONSE:


6. Every statement or document referencing a statement, written or recorded, made by an eyewitness to the incident.

RESPONSE:


7. Every incident report or similar report in your possession which relates to the incident.

RESPONSE:


8. Every photograph, film, moving picture, video tape or other tangible thing of any nature whatsoever of the incident, the incident scene, of the Plaintiff, or relating in any way to this lawsuit.

RESPONSE:

9

9. If any "photograph" or image produced in response to the previous request was captured by a digital and/or electronic camera, then produce any and all original data file(s) of the images on a computer disk.

RESPONSE:

10. All documents which describe how the incident occurred.

RESPONSE:

11. Every document that you or your counsel have in your possession concerning whether the medical care or medical bills that plaintiff received after the incident were reasonable, necessary or caused by the incident.

RESPONSE:

12. Every document that you or your counsel have in your possession concerning any medical care that plaintiff has received for any disability, illness, or disease.

RESPONSE:

13. Copies of all communications between you and anyone concerning the incident.

RESPONSE:

10

14. Every video, security, and/or surveillance tape of the incident scene taken on June 18, 2019.

RESPONSE:


15. Any and all information or documents received from the Insurance Indexing System and/or Index System and/or any insurance indexing system and/or I-dex and/or C.L.U.E. and/or CLUE and/or the Central Indexing Bureau and/or CIB and/or any insurance registry which relates to this lawsuit and/or the Plaintiff.

RESPONSE:


16. Any and all documents, electronic or otherwise, written, created, modified, or viewed by any insurance agent, adjuster, or representative who participated in the investigated or supervision of any claims arising from the incident.

RESPONSE:


CHERYL A. DEZEGO

By: _____
Of Counsel

11

Richard W. Zahn, Jr., Esquire
Virginia State Bar No.:35975
**THE JOEL BIEBER FIRM**
272 Bendix Road, Suite 350
Virginia Beach, VA 23452
T: (757) 428-9000
F: (757) 216-2268
E: rzahn@joelbieber.com
*Counsel for Plaintiff Cheryl A. Dezego*

## CERTIFICATE OF SERVICE

I certify that service of the foregoing **Plaintiff's First Set of Interrogatories and Requests for the Production of Documents** was requested simultaneously on Defendant Cinemark USA, Inc., Inc. with a copy of the Complaint.

_____
Richard W. Zahn, Jr., Esquire

12